UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GUERBY ABSOLU,

Petitioner,

v.

CHRISTOPHER LaROSE; MARKWAYNE MULLIN; DAVID J. VENTURELLA; and TODD BLANCHE,

Respondents.

Case No.: 3:26-cv-5620-JES-SBC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 1]**

Before the Court is Petitioner Guerby Absolu's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's Order to Show Cause (ECF No. 2), Respondents filed a return to the petition and Petitioner filed a response. ECF Nos. 4, 5.

Petitioner is a native of Haiti who came to the United States on July 2, 2023. ECF No. 1 ¶ 25. He was paroled into the United States at that time on a form of humanitarian parole, noted by his class of admission as "DT."[1] *Id.* ¶¶ 26-27; ECF No. 1-2. From that date through September 22, 2026, he alleges that he remained at liberty within the United

[1] Customs and Borders Protection ("CBP") uses the code "DT" to indicate that the noncitizen was paroled into the United States through humanitarian parole under 8 § 1182(d)(5). *See* https://www.cbp.gov/sites/default/files/assets/documents/2024-Jan/Humanitarian%20Parole%20Part%201.pdf (last visited October 6, 2026).

States, while he pursued immigration relief through an asylum application and applied for work authorization. *Id.* ¶¶ 28-31. On September 22, 2026, Petitioner was arrested at a CBP checkpoint in San Diego while making a delivery for a delivery service, and has been held in detention at Otay Mesa Detention Center. *Id.* ¶ 32, 35. Petitioner alleges that he was never provided with any notice or opportunity to be heard before his detention. *Id.* ¶¶ 33-35.

In their return, Respondents acknowledge that Petitioner had previously been released on humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5). ECF No. 5 at 2. Respondents further state that they do not oppose the petition and "defer to the Court as to the appropriate relief." *Id.* at 3.

In light of Respondents' statements, the Court will decline to engage in a full analysis of the claims as well. Petitioner states that he was previously released by the government in July 2023. Many courts, including this one, have repeatedly held that a prior grant of release, including humanitarian parole, raises a liberty interest for the petitioner and entitles the petitioner to due process rights under procedural due process. *See, e.g.*, *Mohammadi v. Larose*, No. 3:25-CV-3450-JES-BJW, 2025 WL 3731737, at *3 (S.D. Cal. Dec. 26, 2025); *Isoev v. Larose*, No. 26-CV-1361-JES-DDL, 2026 WL 776308 (S.D. Cal. Mar. 19, 2026). Accordingly, the Court adopts its prior reasoning and finds that due process requires release of Petitioner here.

Thus, the Court **GRANTS** Petitioner's writ of habeas corpus. Respondents are **ORDERED** to **<u>immediately</u>** release Petitioner from custody, subject to any conditions of his prior release that existed at the time he was re-detained.

//

//

//

//

//

The Parties are **ORDERED** to file a Joint Status Report by **October 9, 2026**, confirming that Petitioner has been released.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: October 6, 2026

Honorable James E. Simmons Jr.
United States District Judge